

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**THE RETAIL COACH, LLC**
*a Mississippi limited liability company*                     **PLAINTIFF**

**v.**                          CIVIL ACTION NO. 1:16CV32-SADAS

**RETAIL360, LLC**
*an Alabama limited liability company*                     **DEFENDANT**

**R360, LLC**
*an Alabama limited liability company*                     **DEFENDANT**

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

COMES NOW the Plaintiff, The Retail Coach, LLC ("Plaintiff"), and files this Complaint against Retail 360, LLC, and R360, LLC (collectively "Defendants"), and in support thereof, Plaintiff states the following:

### PARTIES

1.    Plaintiff, The Retail Coach, LLC, is a Mississippi Limited Liability Company with its principal place of business in Tupelo, Mississippi, 38802.

2.    Defendant Retail 360, LLC, is an Alabama Limited Liability Company with its principal place of business at 2100 Southbridge Parkway, Suite 650, Birmingham, Alabama 35209. Defendant R360, LLC, is an Alabama Limited Liability Company also with its principal place of business at 2100 Southbridge Parkway, Suite 650, Birmingham, Alabama 35209. Upon information and belief, Defendants are owned and operated by the same individual or individuals.

1

**JURISDICTION**

3.     This is a complaint for trademark infringement arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1).   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (trademark), and 28 U.S.C. § 1338(a) (original jurisdiction of federal trademark claim).   This Court has jurisdiction over the unfair competition claims herein pursuant to 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq*.

4.     This Court has personal jurisdiction over the Defendants, and venue is proper in the Northern District of Mississippi.   Defendants' injury to Plaintiff in violating its trademark and unfair competition rights affected Plaintiff in this state, where its principal place of business is located.   Upon information and belief, Defendants also contracted to provide services to businesses and municipalities located in Mississippi and engaged in business or commercial activity in Mississippi by performing such services.   Upon information and belief, Defendants provided those services in Mississippi under the RETAIL:360 trademark or a confusingly similar variation thereof.

**FACTUAL BACKGROUND**

5.     Plaintiff The Retail Coach, LLC is a national retail consulting, market research, and development firm.   Since at least as early as November 30, 2009, Plaintiff has been using the trademark RETAIL:360 with respect to a variety of market research and consultation services relating to the analysis of retail data and market information.

6.     Defendants offers similar, if not identical, retail consulting services.   They use the website http://www.r360consulting.net as well as confusingly similar variations of the trademark RETAIL:360.   Upon information and belief, Defendants have used and continues to use the

2

trademark RETAIL:360 or confusingly similar variations thereof on their website, social media, and other advertising channels to offer services identical to those of the Plaintiff to the same constituent market.

7.     Even a cursory review of the Defendants' marks compared to those of the Plaintiff indicates the nearly identical nature of the marks, including the very similar features that Defendants incorporated into their marks compared to that of Plaintiff:

3

**Plaintiff's Mark:**



**Defendants' Mark:**



PD.18871330.1

8.      Defendants' website uses confusingly similar variations of the RETAIL:360 trademark by transposing the trademark's core elements in various forms, including but not limited to, "retail360," "360retail," "r360" and "R360."   Defendants' website address is http://www.**r360**consulting.net (emphasis added).   Its former lead website address is http://www.**360retail**.net (emphasis added).   This web address remains active and links to www.r360consulting.net.   The title of the website featured in the web browser is "**retail360/ Retail Consulting/ Birmingham, AL**" (emphasis added).   Indeed, the names of the LLCs under which Defendants are registered are "Retail360, LLC" and "r360, LLC," both of which are infringing forms of Plaintiff's trademark.



9.      The registry of business entities maintained by the Alabama Secretary of State demonstrates Defendants' intent to continue its infringing use.   On July 29, 2015, Plaintiff's counsel sent Defendants actual notice of the federal registration of its RETAIL:360 trademark. Plaintiff's counsel demanded that Defendants cease and desist its infringing use in violation of Plaintiff's statutory and common law trademark and fair competition rights.

10.     Defendants' owner and operator, along with its legal counsel, have registered five business entity names with the Alabama Secretary of State that each use confusingly similar variations of Plaintiff's federally-registered mark RETAIL:360.

11.    Initially, Defendants, through their principal and attorneys, reserved the name "Retail360, LLC." *See* **Exhibit A** attached hereto ("Business Entity Details, Ala. Sec'y of State," filed Jun. 30, 2015).

12.    Defendants, through their principal and attorneys, also reserved the following four name reservations to the Alabama Secretary of State: "retail360advisors, LLC"; "retail360insight, LLC"; "retail360network, LLC"; and "retail360solutions, LLC." *See* **Exhibits B, C, D** and **E** attached hereto (each entitled "Business Entity Details, Ala. Sec'y of State").

13.    Upon information and belief, Defendants, through their principal and attorney, submitted four of the aforementioned name reservations on August 4, 2015, shortly after receiving actual notice of Defendant Retail360, LLC's infringing use from Plaintiff. *See* **Exhibits B, C, D** and **E**.

14.    All five of these name reservations remain active and available for Defendants to use at any time in violation of Plaintiff's statutory and common law trademark and fair competition rights.

15.    Defendants have willfully failed to comply with Plaintiff's demand that Defendants cease and desist their acts of infringement and unfair competition, which necessitated the filing of this action.

### COUNT ONE
### (Federal Trademark Infringement)

16.    Plaintiff hereby alleges, as if fully set forth herein, the allegations of paragraphs 1 through 15.

17.    Plaintiff adopted the mark RETAIL:360 and has used it in interstate commerce since at least November 30, 2009, for a variety of market research and consultation services relating to the analysis of retail data and market information.  On April 25, 2014, Plaintiff filed

6

an application for registration of said mark in the United States Patent and Trademark Office to register the mark RETAIL:360. On December 16, 2014, Plaintiff was issued U.S. Trademark Registration 4,655,856 by the United States Patent and Trademark Office. The mark RETAIL:360 was registered in the United States Patent and Trademark Office on the Principal Register under the Act of 1946 covering the use of said mark for "[b]usiness research and consultation services provided to communities, namely, providing and analyzing retail data and retail market information, providing information on retailers, and providing information on potential retail tenants and business strategy on how to recruit potential retail tenants." (A copy of the registration is attached hereto and marked as **Exhibit F**). Said registration is now outstanding and valid.

18.     Plaintiff has used its RETAIL:360 mark in commerce that may be lawfully regulated by Congress since as early as November 2009. Continuously since on or about November 2009, Plaintiff has used the mark RETAIL:360 to distinguish its services from those provided by others by, among other things, promoting and advertising its services, including but not limited to, online and print marketing campaigns, and attendance and exhibition at trade shows. In addition, Plaintiff has prominently displayed the mark RETAIL:360 on items, including, but not limited to, business cards, advertising, checkbooks, brochures, Internet web sites, and written documents. All such dates of use are well before Defendants' date of first use of confusingly similar names and marks.

19.     Plaintiff has invested substantial resources to develop, grow, and promote its registered RETAIL:360 mark. As a direct result of Plaintiff's continuous and exclusive use of the RETAIL:360 mark, the RETAIL:360 mark has become widely known and recognized in the industry as Plaintiff's trademark and as a strong indicator of the source of Plaintiff's services.

7

By virtue of its methods, the duration and scope of its use of its marks, the expenditure of considerable sums for promotional activities, and by virtue of the excellence of its services, Plaintiff has obtained for its mark a valuable reputation, and the RETAIL:360 brand has gained tremendous recognition and goodwill in the marketplace. Through widespread use of the RETAIL:360 mark, the RETAIL:360 mark has created its own separate and distinct commercial impression.

20.     The names and marks that Defendants have used, including but not limited to, "retail360," "360retail," "r360" and "R360," are confusingly similar to Plaintiff's RETAIL:360 mark. Defendants use these names and marks without the permission or authority of Plaintiff. Defendants' use of these names and marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are endorsed, sponsored, approved, or licensed by Plaintiff, or are associated or connected with Plaintiff.

21.     Defendants have used, and continue to use, names and marks confusingly similar to Plaintiff's federally-registered RETAIL:360 mark in violation of 15 U.S.C. § 1114. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and the public. Additionally, Plaintiff has no adequate remedy at law to compensate fully Plaintiff for the damage that Defendants have committed against Plaintiff's goodwill and reputation as symbolized by Plaintiff's RETAIL:360 mark.

22.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's federally-registered RETAIL:360 mark.

23.     Plaintiff provided actual notice to the Defendants of the federal registration of the RETAIL:360 mark in the United States Patent and Trademark Office. Specifically, Plaintiff

8

requested Defendants cease and desist from acts of trademark infringement, but Defendants refused to cease such acts.

24.     Defendants have caused, and are likely to continue causing, substantial injury to the public and to Plaintiff.  Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT TWO
### (Federal Unfair Competition)

25.     Plaintiff hereby alleges, as if fully set forth herein, the allegations of paragraphs 1 through 15, and 17 through 21.

26.     Defendants' use of a mark confusingly similar to Plaintiff's federally–registered RETAIL:360 mark has caused, and is likely to cause, confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are affiliated, connected or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

27.     Defendants have made false representations, false descriptions, and false designations of its services in violation of 15 U.S.C. § 1125(a).  Plaintiff's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and public, as well as injury to Plaintiff's goodwill and reputation as symbolized by the RETAIL:360 mark, for which Plaintiff has no adequate remedy at law.

28.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's RETAIL:360 mark to the irreparable injury of Plaintiff.

29.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff.  Plaintiff is entitled to injunctive relief and to recover

9

Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT THREE
### (Common Law Trademark Infringement and Unfair Competition)

30.     Plaintiff hereby alleges, as if fully set forth herein, the allegations of paragraphs 1 through 15, and 17 through 21.

31.     Defendants' acts constitute common law trademark infringement and unfair competition in violation of Plaintiff's common-law rights in said mark RETAIL:360.

32.     Defendants' acts created, and will continue to create, a likelihood of confusion to the irreparable injury of Plaintiff, unless restrained by this Court.

33.     Defendants' advertising and services have been distributed in the trade area where Plaintiff is doing business. As a result of the sales and advertising by Plaintiff under the mark RETAIL:360, said mark developed and now has a secondary and distinctive trademark meaning to purchasers in Defendants' trade area. The RETAIL:360 mark has come to indicate to clients a certain type or model of business research and consultation services, namely, providing and analyzing retail data and retail market information, as well as information on retailers, potential retail tenants, and business strategy on how to recruit potential retail tenants. As a result of said association by clients of the mark RETAIL:360 with Plaintiff, Defendants' use of marks and names confusingly similar to the mark RETAIL:360, including but not limited to, "retail360," "360retail," "r360" and "R360," is likely to cause confusion among consumers.

34.     Defendants infringed Plaintiff's mark with the intent to deceive the public into believing that services provided by Defendants are approved by, sponsored by, or affiliated with Plaintiff. Defendants' acts were committed with the intent to pass off and palm off Defendants' services as the services of Plaintiff, and with the intent to deceive and defraud the public.

10

35.     Defendants have caused retail consulting services of a type very similar to those of Plaintiff to enter into interstate commerce with the designations and representations "retail360," "360retail," "R360" and "r360" in connection with said services. Each of these designations and representations is confusingly similar to Plaintiff's mark RETAIL:360. Defendants' acts are in violation of 15 U.S.C. § 1125(a), in that Defendants' use of "retail360," "360retail," "R360" and "r360" is a false designation of origin which has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion, mistake and deception of members of the trade and the public as to the affiliation, connection, or association of Defendants with Plaintiff and as to the origin, sponsorship, and approval of Defendants' services and commercial activities by Plaintiff.

36.     Upon information and belief, Defendants acted with full knowledge of Plaintiff's use of, and statutory and common law rights to, the RETAIL:360 mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

37.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill and reputation associated with Plaintiff's RETAIL:360 mark to the great and irreparable injury of Plaintiff.

38.     Plaintiff has no adequate remedy at law for this injury.

39.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and Plaintiff. As a result of Defendants' acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

**WHEREFORE**, Plaintiff prays that:

a.    Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined permanently, from:

    i.    using Plaintiff's RETAIL:360 mark or any confusingly similar variations thereof, or any other copy, reproduction, colorable imitation, or simulation of Plaintiff's RETAIL:360 mark or any confusingly similar variations thereof on or in connection with Defendants' services or commercial activities;

    ii.    using any trademark, logo, design, or source designation of any kind on, or in connection with, Defendants' services or commercial activities that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to Plaintiff's RETAIL:360 mark;

    iii.    using any trademark, logo, design, or source designation of any kind on, or in connection with Defendants' services or commercial activities that is likely to cause confusion, mistake, deception, or public misunderstanding that such services or commercial activities are provided by Plaintiff, are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff; and

    iv.    passing off, palming off, or assisting in passing off or palming off, Defendants' services as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

b.    Defendants be ordered to cease offering for sale, marketing, promoting, and providing any and all services and commercial activities bearing the RETAIL:360 mark or any other confusingly similar variations thereof, or any goods bearing the mark which are in Defendants' possession or have been shipped by Defendants or under their authority, to any client, potential client, business, organization, or facility, and also to deliver to each recipient of its services or commercial activities a copy of this Court's order as it relates to said injunctive relief against Defendants;

PD.18871330.1

c.   Defendants be ordered to deliver up for impoundment and for destruction, any and all products, bags, boxes, labels, tags, signs, packages, receptacles, advertising, promotional material, stationery, or other materials in the possession, custody, or under the control of Defendants that are found to adopt, use, or infringe Plaintiff's RETAIL:360 mark, or any confusingly similar variation thereof, or that otherwise unfairly compete with Plaintiff or Plaintiff's services or commercial activities;

d.   Defendants be compelled to account to Plaintiff for any and all profits derived by Defendants from the provision of services under the infringing mark or any confusingly similar variation thereof as described in this Complaint;

e.   Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint;

f.   Based on Defendants' knowing and intentional use of confusingly similar variations of Plaintiff's RETAIL:360 mark, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. §§ 1117(a) and (b);

g.   Defendants be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. §§ 1117(a);

h.   Plaintiff be required to pay pre-judgment and post-judgment interest on the damages and profits awards; and

i.   Plaintiff have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

PD.18871330.1

Dated: February 22, 2016

PHELPS DUNBAR LLP

Mark N. Halbert        MBN: 100048
201 South Spring Street, 7th Floor
Tupelo, Mississippi 38804
662-842-7907; 662-842-3873 (FAX)
mark.halbert@phelps.com

Jade A. Craig        MBN: 104992
Michael Hooker *(of counsel until pro hac vice)*
Jason P. Stearns *(of counsel until pro hac vice)*
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602-5311
813-472-7550; 813-472-7570 (FAX)
jade.craig@phelps.com
michael.hooker@phelps.com
jason.stearns@phelps.com

14

# EXHIBIT A



Home        Government Records        Business Entities        Search        Details

## Business Entity Details

| Retail360, LLC | |
| --- | --- |
| Entity Type | Domestic Limited Liability Company |
| Submitted By | Walter F. Scott III<br>2200 Woodcrest Place, Ste 310<br>Birmingham, AL 35209 |
| Status | Name Reservation - Active |
| Original Date | 6-30-2015 |
| Current Filing Date | 6-30-2015 |
| Expiration Date | 6-30-2016 |
| | |

Browse Results        New Search

P.O. Box 5616                    Alabama Directory | Media | Online Services | Alabama.gov           Phone: (334) 242-7200
Montgomery, AL 36103-5616        Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us    Fax: (334) 242-4993

# EXHIBIT B

PD.18691043.1

Business Entity Details                                              Page 1 of 2



Home          Government Records          Business Entities          Search          Details

## Business Entity Details

| retail360advisors, LLC | |
|---|---|
| Entity Type | Domestic Limited Liability Company |
| Submitted By | Chuck Branch<br>2100 Southbridge Pkwy, Suite 650<br>Birmingham, AL 35209 |
| Status | Name Reservation - Active |
| Original Date | 8-4-2015 |
| Current Filing Date | 8-4-2015 |
| Expiration Date | 8-4-2016 |
| | |

Browse Results          New Search

P.O. Box 5616                  Alabama Directory | Media | Online Services | Alabama.gov         Phone: (334) 242-7200
Montgomery, AL 36103-5616      Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us    Fax: (334) 242-4903

# EXHIBIT C

Business Entity Details                                                    Page 1 of 2



Home        Government Records        Business Entities        Search        Details

### Business Entity Details

| retail360insight, LLC | |
|---|---|
| Entity Type | Domestic Limited Liability Company |
| Submitted By | Chuck Branch<br>2100 Southbridge Pkwy, Suite 650<br>Birmingham, AL 35209 |
| Status | Name Reservation – Active |
| Original Date | 8-4-2015 |
| Current Filing Date | 8-4-2015 |
| Expiration Date | 8-4-2016 |
| | |

**Browse Results**        **New Search**

P.O. Box 5616                     Alabama Directory | Media | Online Services | Alabama.gov          Phone: (334) 242-7200
Montgomery, AL 36103-5616         Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us   Fax: (334) 242-4993

# EXHIBIT D

Business Entity Details                                                    Page 1 of 2



Home    Government Records    Business Entities    Search    Details

### Business Entity Details

| retail360network, LLC | |
|---|---|
| Entity Type | Domestic Limited Liability Company |
| Submitted By | Chuck Branch<br>2100 Southbridge Pkwy, Suite 650<br>Birmingham, AL 35209 |
| Status | Name Reservation - Active |
| Original Date | 8-4-2015 |
| Current Filing Date | 8-4-2015 |
| Expiration Date | 8-4-2016 |
| | |

**Browse Results**    **New Search**

P.O. Box 5616
Montgomery, AL 36103-5616

Alabama Directory | Media | Online Services | Alabama.gov
Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us

Phone: (334) 242-7200
Fax: (334) 242-4993

# EXHIBIT E

PD.18691043.1

Business Entity Details



Home    Government Records    Business Entities    Search    Details

## Business Entity Details

| retail360solutions, LLC | |
|---|---|
| Entity Type | Domestic Limited Liability Company |
| Submitted By | Chuck Branch<br>2100 Southbridge Pkwy, Suite 650<br>Birmingham, AL 35209 |
| Status | Name Reservation - Active |
| Original Date | 8-4-2015 |
| Current Filing Date | 8-4-2015 |
| Expiration Date | 8-4-2016 |
| | |

**Browse Results**    **New Search**

P.O. Box 5616
Montgomery, AL 36103-5816

Alabama Directory | Media | Online Services | Alabama.gov
Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us

Phone: (334) 242-7200
Fax: (334) 242-4993

# EXHIBIT F

PD.18691043.1

# United States of America
## United States Patent and Trademark Office

# RETAIL:360

**Reg. No. 4,655,856**

**Registered Dec. 16, 2014**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

THE RETAIL COACH LLC (MISSISSIPPI LIMITED LIABILITY COMPANY)
P.O. BOX 7272
TUPELO, MS 38802

FOR: BUSINESS RESEARCH AND CONSULTATION SERVICES PROVIDED TO COMMUNIT-
IES, NAMELY, PROVIDING AND ANALYZING RETAIL DATA AND RETAIL MARKET
INFORMATION, PROVIDING INFORMATION ON RETAILERS, AND PROVIDING INFORM-
ATION ON POTENTIAL RETAIL TENANTS AND BUSINESS STRATEGY ON HOW TO
RECRUIT POTENTIAL RETAIL TENANTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-30-2009; IN COMMERCE 11-30-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-263,639, FILED 4-25-2014.

ERIC SABLE, EXAMINING ATTORNEY



*Michelle K. Lee*

Deputy Director of the United States
Patent and Trademark Office