IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

THE RETAIL COACH, LLC
    *a Mississippi limited liability company*            PLAINTIFF

v.            CIVIL ACTION NO. 1:16-CV-32-SA-DAS

XPANSION HOLDINGS, LLC
    *a Delaware limited liability company*            DEFENDANT

r360, LLC
    *an Alabama limited liability company*            DEFENDANT

**AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION, AND UNFAIR COMPETITION**

    COMES NOW the Plaintiff, The Retail Coach, LLC ("Plaintiff"), and files this Amended Complaint against Xpansion Holdings, LLC, and r360, LLC (collectively "Defendants"), and in support thereof, Plaintiff states the following.

## PARTIES

    1.     Plaintiff, The Retail Coach, LLC ("Retail Coach"), is a Mississippi limited liability company with its principal place of business in Tupelo, Mississippi.

    2.     Defendant Xpansion Holdings, LLC ("Xpansion" or, collectively, "Defendants"), is a Delaware limited liability company with its principal place of business in Birmingham, Alabama.[1]

    3.     Defendant r360, LLC ("R360" or, collectively, "Defendants"), is an Alabama limited liability company with its principal place of business in Birmingham, Alabama.

---

[1] The original complaint named Retail360, LLC as a defendant. After filing the lawsuit, counsel for R360 informed Retail Coach that Retail360, LLC was not the proper defendant, which proper defendant Retail Coach understands to be Xpansion.

1

PD.19312470.2

## JURISDICTION

4.  This is a complaint for trademark infringement, false designation of origin and unfair competition arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (trademark), and 28 U.S.C. § 1338(a) (original jurisdiction of federal trademark claim). This Court has jurisdiction over the unfair competition claims herein pursuant to 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq*.

5.  This Court has personal jurisdiction over Defendants, and venue is proper in the Northern District of Mississippi. Defendants' injury to Retail Coach in violating its trademark and fair competition rights affected Retail Coach in this state, where its principal place of business is located. Upon information and belief, Defendants also solicited, and contracted to provide services to, businesses and municipalities located in Mississippi and engaged in business or commercial activity in Mississippi by performing such services or solicitation. Upon information and belief, Defendants provided those services in Mississippi under the RETAIL:360 trademark or a confusingly similar variation thereof.

## FACTUAL BACKGROUND

6.  Retail Coach is a national retail consulting, market research, and development firm. Since at least as early as 2007, Plaintiff has been using the trademark RETAIL:360 with respect to a variety of market research and consultation services relating to the analysis of retail data and market information.

7.  The following is an exemplar of Retail Coach's use of the RETAIL:360 mark:

PD.19312470.2



8. Defendants offer similar, if not identical, retail consulting services. Upon information and belief, Xpansion provides "software and software-based services offering customized research, marketing and consulting services to every sector involved in retail development and redevelopment." Xpansion claims to have used the mark RESEARCH 360 in conjunction with the provision of its services since around August 2009. Xpansion claims to have used the derivative mark "r360" since around February 2011.

9. Upon information and belief, in or around July 2015, Xpansion, on its own or in conjunction with another related entity, started doing business under the mark RETAIL360, "labeling itself as the first of (sic) Birmingham to offer 'retail real-estate research, site selection, marketing and consulting firm." *See* **Exhibit A.**

10. The following is an exemplar of Defendants' use of the RETAIL360 mark:



11. R360 was formed in September 2015 to continue providing marketing and consulting services regarding retail development and redevelopment.

12. There is very little difference between Xpansion's and R360's use of the RETAIL360 mark and its derivative R360 mark:



13. Defendants use the website http://www.r360consulting.net as well as confusingly similar variations of the trademark RETAIL:360. Upon information and belief, Defendants have

4

PD.19312470.2

used and continue to use the trademark RETAIL:360 or confusingly similar variations thereof on their websites, social media, and other advertising channels to offer services identical to those of Retail Coach to the same constituent market.

14. Even a cursory review of Defendants' marks compared to those of Plaintiff indicates the nearly identical nature of the marks, including the very similar features that Defendants incorporated into their marks compared to that of Plaintiff:

**Retail Coach's Mark**          **Defendants' Mark**





15. Defendants' website(s) use(s) confusingly similar variations of the RETAIL:360 trademark by transposing the trademark's core elements in various forms, including but not

5

limited to, "retail360," "360retail," "r360" and "R360." Defendants' website address is http://www.**r360**consulting.net (emphasis added). Its former lead website address is http://www.**360retail**.net (emphasis added). This web address remains active and links to www.r360consulting.net. The title of the website featured in the web browser is "**retail360/ Retail Consulting/ Birmingham, AL**" (emphasis added). Indeed, at least one name under which Defendants are registered is "r360, LLC," which is an infringing form of Retail Coach's trademark.



16. The registry of business entities maintained by the Alabama Secretary of State demonstrates Defendants' intent to continue its infringing use. On July 29, 2015, Retail Coach's counsel sent Retail360, LLC actual notice of the federal registration of its RETAIL:360 trademark. Retail Coach demanded that Defendants cease and desist their infringing use in violation of Retail Coach's statutory and common law trademark and fair competition rights.

17. Defendants' owner and operator, along with its legal counsel, have registered five business entity names with the Alabama Secretary of State that each use confusingly similar variations of Retail Coach's federally-registered mark RETAIL:360.

18. Initially, Defendants, through their principal and attorneys, reserved the name "Retail360, LLC." *See* **Exhibit B** attached hereto ("Business Entity Details, Ala. Sec'y of State," filed Jun. 30, 2015).

19. Defendants, through their principal and attorneys, also reserved the following four name reservations to the Alabama Secretary of State: "retail360advisors, LLC"; "retail360insight, LLC"; "retail360network, LLC"; and "retail360solutions, LLC." *See* **Exhibits C, D, E** and **F** attached hereto (each entitled "Business Entity Details, Ala. Sec'y of State").

20. Upon information and belief, Defendants, through their principal and attorney, submitted four of the aforementioned name reservations on August 4, 2015, shortly after receiving actual notice of their infringing use. *See* **Exhibits C, D, E** and **F**.

21. All five of these name reservations remain active and available for Defendants to use at any time in violation of Retail Coach's statutory and common law trademark and fair competition rights.

22. Defendants have willfully failed to comply with Plaintiff's demand that Defendants cease and desist their acts of infringement and unfair competition, which necessitated the filing of this action.

**COUNT ONE**
**(Federal Trademark Infringement, False Designation of Origin and Unfair Competition)**

23. Retail Coach hereby alleges, as if fully set forth herein, the allegations of paragraphs 1 through 22.

24. Retail Coach adopted the mark RETAIL:360 and has used it in interstate commerce since at least 2007, for a variety of market research and consultation services relating to the analysis of retail data and market information. On April 25, 2014, Plaintiff filed an application in the United States Patent and Trademark Office to register the mark RETAIL:360.

7

On December 16, 2014, Plaintiff was issued U.S. Trademark Registration 4,655,856 by the United States Patent and Trademark Office. The mark RETAIL:360 was registered in the United States Patent and Trademark Office on the Principal Register under the Act of 1946 covering the use of said mark for "[b]usiness research and consultation services provided to communities, namely, providing and analyzing retail data and retail market information, providing information on retailers, and providing information on potential retail tenants and business strategy on how to recruit potential retail tenants." (A copy of the certificate of registration is attached hereto and marked as **Exhibit G**). Said registration is now outstanding and valid.

25. Retail Coach has used its RETAIL:360 mark in commerce that may be lawfully regulated by Congress since as early as 2007. Continuously since then, Retail Coach has used the mark RETAIL:360 to distinguish its services from those provided by others by, among other things, promoting and advertising its services, including but not limited to, online and in print marketing campaigns, and through attendance and exhibition at trade shows. In addition, Retail Coach has prominently displayed the mark RETAIL:360 on items, including, but not limited to, business cards, advertising, checkbooks, brochures, Internet web sites, and written documents. All such dates of use are well before Defendants' date of first use of confusingly similar names and marks.

26. Retail Coach has invested substantial resources to develop, grow, and promote its registered RETAIL:360 mark. As a direct result of Retail Coach's continuous and exclusive use of the RETAIL:360 mark, the RETAIL:360 mark has become widely known and recognized in the industry as Retail Coach's trademark and as a strong indicator of the source of Retail Coach's services. By virtue of its methods, the duration and scope of its use of its marks, the expenditure of considerable sums for promotional activities, and by virtue of the excellence of its services,

Retail Coach has obtained for its mark a valuable reputation, and the RETAIL:360 brand has gained tremendous recognition and goodwill in the marketplace. Through widespread use of the RETAIL:360 mark, the RETAIL:360 mark has created its own separate and distinct commercial impression.

27. The names and marks that Defendants have used, including but not limited to, "retail360," "360retail," "r360" and "R360," are confusingly similar to Retail Coach's RETAIL:360 mark. Defendants use these names and marks without the permission or authority of Plaintiff. Defendants' use of these names and marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are endorsed, sponsored, approved, or licensed by Retail Coach, or are associated or connected with Plaintiff.

28. Defendants have used, and continue to use, names and marks confusingly similar to Retail Coach's federally-registered RETAIL:360 mark in violation of 15 U.S.C. § 1114. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and the public. Additionally, Plaintiff has no adequate remedy at law to compensate fully Retail Coach for the damage that Defendants have committed against Retail Coach's goodwill and reputation as symbolized by Retail Coach's RETAIL:360 mark.

29. Defendants' use of a mark confusingly similar to Retail Coach's federally–registered RETAIL:360 mark has caused, and is likely to continue to cause, confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are affiliated, connected or associated with Retail Coach, or have the sponsorship, endorsement, or approval of Retail Coach.

30. Defendants have made false representations, false descriptions, and false designations of its services in violation of 15 U.S.C. § 1125(a). Retail Coach's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and public, as well as injury to Retail Coach's goodwill and reputation as symbolized by the RETAIL:360 mark, for which Retail Coach has no adequate remedy at law.

31. Retail Coach provided actual notice to Defendants of the federal registration of the RETAIL:360 mark in the United States Patent and Trademark Office. Specifically, Retail Coach requested Defendants cease and desist from acts of trademark infringement, but Defendants refused to cease such acts.

32. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Retail Coach's RETAIL:360 mark to the irreparable injury of Retail Coach.

33. Defendants have caused, and are likely to continue causing, substantial injury to the public and to Retail Coach. Retail Coach is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

**COUNT TWO**
**(Common Law Trademark Infringement, False Designation and Unfair Competition)**

34. Retail Coach hereby alleges, as if fully set forth herein, the allegations of paragraphs 1 through 22, and 24 through 30.

35. Defendants' acts constitute common law trademark infringement and unfair competition in violation of Retail Coach's common-law rights in said mark RETAIL:360.

PD.19312470.2

36. Defendants' acts created, and will continue to create, a likelihood of confusion to the irreparable injury of Retail Coach, unless restrained by this Court.

37. Defendants' advertising and services have been distributed in the trade area where Retail Coach is doing business. As a result of the sales and advertising by Retail Coach under the mark RETAIL:360, said mark developed and now has a secondary and distinctive trademark meaning to purchasers in Defendants' trade area. The RETAIL:360 mark has come to indicate to clients a certain type or model of business research and consultation services, namely, providing and analyzing retail data and retail market information, as well as information on retailers, potential retail tenants, and business strategy on how to recruit potential retail tenants. As a result of said association by clients of the mark RETAIL:360 with Retail Coach, Defendants' use of marks and names confusingly similar to the trademark RETAIL:360, including but not limited to, "retail360," "360retail," "r360" and "R360," is likely to cause confusion among consumers.

38. Defendants infringed Retail Coach's mark with the intent to deceive the public into believing that services provided by Defendants are approved by, sponsored by, or affiliated with Retail Coach. Defendants' acts were committed with the intent to pass off and palm off Defendants' services as the services of Retail Coach, and with the intent to deceive and defraud the public.

39. Defendants have caused retail consulting services of a type very similar to those of Retail Coach to enter into interstate commerce with the designations and representations "retail360," "360retail," "R360" and "r360" in connection with said services. Each of these designations and representations is confusingly similar to Retail Coach's mark RETAIL:360. Defendants' acts are in violation of 15 U.S.C. § 1125(a), in that Defendants' use of "retail360," "360retail," "R360" and "r360" is a false designation of origin which has caused and, unless

enjoined by this Court, will continue to cause a likelihood of confusion, mistake and deception of members of the trade and the public as to the affiliation, connection, or association of Defendants with Retail Coach and as to the origin, sponsorship, and approval of Defendants' services and commercial activities by Retail Coach.

40. Upon information and belief, Defendants acted with full knowledge of Retail Coach's use of, and statutory and common law rights to, the RETAIL:360 mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

41. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill and reputation associated with Retail Coach's RETAIL:360 mark to the great and irreparable injury of Plaintiff.

42. Retail Coach has no adequate remedy at law for this injury.

43. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and Retail Coach. As a result of Defendants' acts, Retail Coach has been damaged in an amount not yet determined or ascertainable. At a minimum, Retail Coach is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff prays that:

    a.    Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined permanently, from:

        i.    using Plaintiff's RETAIL:360 mark or any confusingly similar variations thereof, or any other copy, reproduction, colorable imitation, or simulation of Plaintiff's RETAIL:360 mark or any confusingly similar variations thereof in connection with Defendants' services or commercial activities;

      ii.      using any trademark, logo, design, or source designation of any kind in connection with Defendants' services or commercial activities that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to Plaintiff's RETAIL:360 mark;

      iii.     using any trademark, logo, design, or source designation of any kind in connection with Defendants' services or commercial activities that is likely to cause confusion, mistake, deception, or public misunderstanding that such services or commercial activities are provided by Plaintiff, are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff; and

      iv.     passing off, palming off, or assisting in passing off or palming off, Defendants' services as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

b.    Defendants be ordered to cease offering for sale, marketing, promoting, and providing any and all services and commercial activities bearing the RETAIL:360 mark or any other confusingly similar variations thereof, or any goods bearing the mark which are in Defendants' possession or have been shipped by Defendants or under their authority, to any client, potential client, business, organization, or facility, and also to deliver to each recipient of its services or commercial activities a copy of this Court's order as it relates to said injunctive relief against Defendants;

c.    Defendants be ordered to deliver up for impoundment and for destruction, any and all products, bags, boxes, labels, tags, signs, packages, receptacles, advertising, promotional material, stationery, or other materials in the possession, custody, or under the control of Defendants that are found to adopt, use, or infringe Plaintiff's RETAIL:360 mark or any confusingly similar variation thereof, or that otherwise unfairly compete with Plaintiff or Plaintiff's services or commercial activities;

d.    Defendants be compelled to account to Plaintiff for any and all profits derived by Defendants from the provision of services under the infringing mark or any confusingly similar variation thereof as described in this Complaint;

e.    Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint;

f. Based on Defendants' knowing and intentional use of confusingly similar variations of Plaintiff's RETAIL:360 mark, the damages awarded be trebled and the award of Defendants' profits be enhanced pursuant to 15 U.S.C. §§ 1117(a) and (b);

g. Defendants be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. §§ 1117(a);

h. Plaintiff be required to pay pre-judgment and post-judgment interest on the damages and profits awards; and

i. Plaintiff have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Dated: April 27, 2016

PHELPS DUNBAR LLP

*/s/ Jason P. Stearns*
Mark N. Halbert          MBN: 100048
201 South Spring Street, 7th Floor
Tupelo, Mississippi 38804
662-842-7907; 662-842-3873 (FAX)
mark.halbert@phelps.com

Jade A. Craig          MBN: 104992
Michael Hooker *(pro hac vice)*
Jason P. Stearns *(pro hac vice)*
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602-5311
813-472-7550; 813-472-7570 (FAX)
jade.craig@phelps.com
michael.hooker@phelps.com
jason.stearns@phelps.com

## CERTIFICATE OF SERVICE

      I certify that I have this date electronically filed the above and foregoing with the Clerk of the Court, utilizing the CM/ECF system which sent notification to all counsel of record. I also served the above and foregoing on:

| | |
|---|---|
| Walter F. Scott, III<br>William K. Hancock<br>**GALLOWAY SCOTT**<br>**MOSS & HANCOCK, LLC**<br>2200 Woodcrest Place Suite 310<br>Birmingham, AL 35209<br>Wfs3@gallowayscott.com<br>Will.hancock@gallowayscott.com | Emily Sides Bonds<br>Paul O. Woodall, Jr.<br>**JONES WALKER LLP**<br>1819 5th Ave. North, Suite 1100<br>Birmingham, AL 35203<br>ebonds@joneswalker.com<br>pwoodall@joneswalker.com |

/s/ Jason P. Stearns
Attorney